IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
FILED
JUL - 2 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

Aaron Darius Manigoult,          )
     Petitioner,                )
                                )

v.                               )          1:08cv172 (TSE/TRJ)
                                  )
Gene Johnson,                    )
     Respondent.                )

MEMORANDUM OPINION

    Aaron Darius Manigoult, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the City of Virginia Beach, Virginia for attempted forcible sodomy and aggravated sexual battery. By Order dated March 5, 2008, petitioner was informed that the first of his six claims appeared barred from review due to petitioner's procedural default. Petitioner was given notice and an opportunity to show cause why claim 1 should not be dismissed, and by Order dated April 7, 2008, claim 1 was dismissed as prcocedurally defaulted. Additionally, by that Order, respondent was directed to show cause within sixty days why the writ should not be granted, and on June 6, 2008, respondent filed a Motion to Dismiss the petition, memorandum of law in support of that Motion, a Rule 5 Answer, and the Notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner was given the opportunity to file responsive materials, and on June 20, 2008, the Clerk received his response. For the reasons that follow, the petition must be dismissed.

**I. Background**

    Petitioner pled guilty in the Circuit Court for the City of Virginia Beach, Virginia to

attempted forcible sodomy and aggravated sexual battery. Pet. at 1. On November 7, 2005, he was
sentenced to thirty years imprisonment with five years suspended. Id. Petitioner filed a direct appeal
in the Court of Appeals of Virginia, claiming: (1) that the trial court abused its discretion in
sentencing him to an active term of imprisonment of twenty-five years and (2) that the trial court
erred in failing to provide appropriate relief upon the admission of evidence not previously provided
to him in violation of the trial court's discovery order. See Manigoult v. Commonwealth, R. No.
2871-05-1, slip op. at 1-2 (Va. Ct. App. June 7, 2006). Specifically, in claim 2, petitioner asserted
that his convictions should have been reversed because the Commonwealth's Attorney mentioned
in her argument at sentencing that the victim had to submit to a sexual assault examination ("SANE
exam"). Id. at 2. Petitioner contended that he had previously been told that no such examination
was performed. Id. On June 7, 2006, the Court of Appeals of Virginia denied the petition for appeal,
holding that both of petitioner's challenges were not properly preserved for appeal and were thus
barred from the court's consideration by application of Va. Sup. Ct. R. 5A:18. Id. at 1, 3. Petitioner
sought review before a three-judge panel of the Court of Appeals of Virginia, and on October 10,
2006, the panel denied the petition for appeal. Maingoult v. Commonwealth, R. No. 2871-05-1 (Va.
Ct. App. Oct. 10, 2006). Petitioner then appealed to the Supreme Court of Virginia, which refused
the petition for appeal on March 13, 2007. Manigoult v. Commonwealth, R. No. 062261 (Va. Mar.
13, 2007).

Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court for the City of
Virginia Beach. That petition raised the following claims:

1) Trial counsel rendered ineffective assistance by:

a) failing to object at sentencing to the Commonwealth's reference to the

2

SANE report, a report previously unknown to defense counsel and by
b) accepting the Commonwealth's statement that a SANE report did not exist
and for failing to investigate the existence of a SANE report.

2) Prosecutorial misconduct:

a) The Commonwealth withheld evidence previously requested in a motion
for discovery, in violation of petitioner's due process rights;
b) The Commonwealth's failure to disclose the SANE report constituted a
violation of petitioner's rights under Brady [v. Maryland, 373 U.S. 83 (1963)]
; and
c) The Commonwealth violated [Va. Sup. Ct. R.] 3A:11 by failing to disclose
the SANE report after an order for discovery had been entered.

3) Judicial misconduct:

a) The trial court failed to grant relief when it learned there was a violation
of the discovery order; and
b) The trial court erred in allowing the Commonwealth to introduce evidence
which was inadmissible because it was not disclosed during discovery.

The circuit court dismissed the petition on July 30, 2007. Manigoult v. Director, Department of

Corrections, Case No. CL07-2699, slip op. (Va. Cir. Ct. July 30, 2007). Petitioner appealed the

circuit court's dismissal to the Supreme Court of Virginia. On February 7, 2008, the Supreme Court

of Virginia dismissed the petition for appeal, holding that the petition for appeal did not comply with

Va. Sup. Ct. R. 5:17(c) because petitioner failed to list the specific errors in the circuit court

proceedings upon which petitioner intended to rely. Manigoult v. Director, Department of

Corrections, R. No. 071960 (Va. Feb. 7, 2008).

Petitioner filed the instant federal petition for a writ of habeas corpus on or about February

19, 2008. The petition originally raised six claims for relief, the first of which was dismissed as

procedurally defaulted on April 7, 2008. Manigoult v. Johnson, 1:08cv172, order (E.D.Va. Apr. 7,

2008). Five claims remain under consideration, which petitioner articulates as follows:

3

2) Prosecutorial Misconduct - Commonwealth Attorney withheld medical evidence requested in Motion of Discovery[,] violating [petitioner's] due process rights;

3) Prosecutorial Misconduct - By withholding evidence ... Commonwealth Attorney violated Brady[v.Maryland, 373 U.S. 83 (1963)];

4) Judicial Misconduct - Upon learning the Commonwealth Attorney didn't meet the Motion of Discovery obligation the court failed to offer relief;

5) Conflict of Interest - One Commonwealth Attorney stated to petitioner's counsel that no S.A.N.E. report existed when at sentencing another Commonwealth Attorney stated that said examination did take place; and

6) Due Process Rights Violated by Prosecutor - By Commonwealth withholding medical evidence[,] petitioner's due process rights were violated.

In his memorandum of law in support of the Motion to Dismiss the petition, respondent argues that the five remaining claims are simultaneously exhausted and procedurally defaulted and, thus, barred from this Court's review. Petitioner has filed a response opposing the Motion to Dismiss. This matter is ripe for disposition.

## II. Exhaustion and Procedural Default

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

4

Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

It is well-established that, in Virginia, except for good cause shown or to attain the ends of justice, any objection not contemporaneously made when the error was committed cannot be asserted on appeal. Va. Sup. Ct. R. 5A:18; see Conquest v. Mitchell, 618 F.2d 1053 (4th Cir. 1980). This Court has held that dismissal of a claim pursuant to Va. Sup. Ct. R. 5A:18 is an adequate and independent state law ground, the application of which precludes review of the defaulted claim in federal court. See e.g., Byrd v. Johnson, No. 2:05cv603, 2006 U.S. Dist. LEXIS 36703, at *9 (E.D.Va. May 19, 2006); Chandler v. Angelone, No. 1:00cv1128, 2002 WL 32514958, at *8 (E.D.Va. Mar. 20, 2002). Furthermore, the United States Court of Appeals for the Fourth Circuit has recognized that a petitioner's failure to comply with the requirements of Va. Sup. Ct. R. 5:17(c) constitutes an independent and adequate state law ground that precludes federal habeas review of any non-compliant claim. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999).

Finally, federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

All of petitioner's remaining claims for relief are procedurally defaulted. Claims 2, 3 and 6 are simultaneously exhausted and procedurally defaulted, as the Supreme Court of Virginia found on direct appeal that these claims were barred by Va. Sup. Ct. Rule 5:17(c), which constitutes an independent and adequate state law ground sufficient to preclude federal habeas review. See Hedrick, 443 F.3d at 360; Mueller, 181 F.3d at 584. Claim 4 is simultaneously exhausted and procedurally defaulted. The Court of Appeals of Virginia found on direct appeal that claim 4 was barred by Va. Sup. Ct. Rule 5A:18, which this Court has held constitutes an independent and adequate state law ground sufficient to preclude federal habeas review. See Byrd, 2006 U.S. Dist. LEXIS 36703, at *9; Chandler, 2002 WL 32514958, at *8. Additionally, the Supreme Court of Virginia held on state habeas that claim 4 was barred by application of Va. Sup. Ct. Rule 5:17(c). The claim of "conflict of interest" presented in claim 5 has not been presented to any state court on direct review or in a petition for a writ of habeas corpus. Accordingly, the Court will treat this unexhausted part of claim 5 as simultaneously exhausted and procedurally defaulted, as petitioner is precluded from raising this part of claim 5 in state court. Specifically, this part of claim 5 would

6

be procedurally defaulted under Virginia Code § 8.01-654(A)(2) (state habeas petition statute of limitations) and Virginia Code § 8.01-654(B)(2) (state's successive petition statute). The remaining allegation in claim 5 concerning the Commonwealth's Attorney's failure to disclose the report of the SANE examination was determined by the Supreme Court of Virginia to be barred by Va. Sup. Ct. R. 5:17(c). Therefore, all of petitioner's remaining claims are simultaneously exhausted and defaulted for the purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Moreover, petitioner has failed to establish cause and prejudice to excuse his procedural default.[1] To the extent petitioner is suggesting that his procedural default of claims 2 through 6 should be excused because trial counsel rendered ineffective assistance, this claim is procedurally defaulted and, thus, cannot serve as cause to excuse his default. See Justus v. Murray, 897 F.2d 709, 712-14 (4th Cir. 1990); accord Hill v. Jones, 81 F.3d 1015, 1030-31 (11th Cir. 1996). Accordingly, because petitioner has failed to establish cause and prejudice to excuse his procedural default of remaining claims 2 through 6, these claims must be dismissed.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the petition must be granted and the instant petition for a writ of habeas corpus must be dismissed. An appropriate Order shall issue.

Entered this _____ 7ᵗʰ _____ day of _____ 2008.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

---

[1] Petitioner does not suggest that he is actually innocent of the offenses for which he was convicted, nor does he offer any evidence sufficient to establish his innocence. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).